T.C. Memo. 2009-29

UNITED STATES TAX COURT

DONALD L. AND EVELYN RUSSELL, ET AL.,[1] Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent[2]

Docket Nos. 4425-05, 4456-05,     Filed February 9, 2009.
          4688-05.

$\underline{\text{Jon J. Jensen}}$, for petitioners.

$\underline{\text{Jack Forsberg}}$, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

HAINES, $\underline{\text{Judge}}$:  In $\underline{\text{Russell v. Commissioner}}$, T.C. Memo. 2008-
246, the Court held that instruments entitled "notes", "REMC

[1]Cases of the following petitioners are consolidated
herewith:  Loren R. and Dawn Kopseng, docket No. 4456-05; United
Energy Corp., docket No. 4688-05.

[2]This opinion supplements our previous Memorandum Opinion in
$\underline{\text{Russell v. Commissioner}}$, T.C. Memo. 2008-246, filed Oct. 30,
2008.

ledger debt", and "short-term debt" did not constitute "indebtedness of the S corporation to the shareholder" for purposes of determining whether petitioners Donald Russell (Mr. Russell) and Loren Kopseng (Mr. Kopseng) had sufficient basis under section 1366(d)(1)(B) to claim their distributive shares of the loss incurred by Missouri River Royalty Corp (MRRC).[3] However, the Court did not determine whether United Energy Corp. (UEC) realized gain on the Russell ledger debt and the Kopseng ledger debt, conceded by the parties as being indebtedness of the S corporation to the shareholders pursuant to the deemed satisfaction rules of section 1.1502-13(g)(4), Income Tax Regs., when that debt was contributed to UEC. This matter is now before the Court on respondent's motion for supplemental opinion.

## Background

Although the findings of fact are set forth in Russell v. Commissioner, T.C. Memo. 2008-246, for completeness and convenience we will repeat the background here, omitting only the passages related to the financial instruments of the UEC group other than the Russell ledger debt and the Kopseng ledger debt. At the time the Russells and the Kopsengs filed their petitions,

---

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

they resided in North Dakota.  At the time UEC filed its petition, its principal place of business was in North Dakota.

On May 18, 2005, respondent sent petitioners notices of deficiency for the years at issue.  Petitioners filed timely petitions with this Court.

I.   Members of the UEC Group and Predecessor Entities

A.   United Energy Corp.

UEC was incorporated under the law of North Dakota on August 29, 1997.  At all times since its incorporation, UEC has used the accrual method of accounting for tax and financial reporting purposes and has had a fiscal year and taxable year ending June 30.  At all times from the initial issuance of stock by UEC on September 1, 1997, through June 30, 1998, all of UEC's outstanding stock was owned by Mr. Russell and Mr. Kopseng.

UEC timely filed a Form 1120, U.S. Corporation Income Tax Return, for its initial short taxable year beginning September 1, 1997, and ending June 30, 1998.  UEC filed its Form 1120 as the common parent of a consolidated group of corporations consisting of itself, Rainbow Gas Co. (RGC), Rainbow Energy Marketing Corp. (REMC), MRRC, and Energy Leasing Corp. (ELC).

B.   Rainbow Gas Co.

Before 1997 the assets of RGC were owned by a North Dakota limited partnership (RGC Partnership).  As of August 29, 1997, all of the general and limited partnership interests in RGC

Partnership were owned by Mr. Russell and Mr. Kopseng.  On August 29, 1997, in a transaction qualifying as a tax-free exchange under section 351(a), all the assets of RGC Partnership were transferred to RGC, a newly formed North Dakota corporation, in exchange for the issuance of 375 shares of RGC stock to Mr. Russell and 625 shares of RGC stock to Mr. Kopseng.  The RGC shares issued to Mr. Russell and Mr. Kopseng constituted all of the outstanding shares of RGC.

C.    Rainbow Energy Marketing Corp.

REMC is a North Dakota corporation.  As of September 1, 1997, REMC had 4,512,205 shares outstanding, of which 1,108,056 were owned by Mr. Russell and 2,701,149 were owned by Mr. Kopseng.

D.    Missouri River Royalty Corp.

MRRC is a North Dakota corporation which was incorporated on September 7, 1984.  At all times before September 1, 1997, MRRC was an S corporation.  Effective September 1, 1997, MRRC voluntarily revoked its S corporation election.  MRRC filed a Form 1120S, U.S. Income Tax Return for an S Corporation, for the short taxable year beginning January 1, 1997, and ending August 31, 1997.  At all relevant times before September 1, 1997, MRRC had 30,000 shares outstanding, of which Mr. Russell and Mr. Kopseng each owned 15,000 shares.

## II.  The Section 351 Transaction

On September 1, 1997, Mr. Russell received 350 shares of UEC stock and Mr. Kopseng received 650 shares of UEC stock as part of a transaction qualifying as a tax-free exchange under section 351(a).  As part of the section 351 transaction, Mr. Russell made a contribution to UEC of 375 shares of RGC stock, 1,108,056 shares of REMC stock, and 15,000 shares of MRRC stock.  Mr. Kopseng made a contribution to UEC of 625 shares of RGC stock, 2,701,149 shares of REMC stock, and 15,000 shares of MRRC stock.

UEC's audited consolidated financial statement for the period ending June 30, 1998, contained the following statement respecting the section 351 transaction:

> In August, 1997 United Energy Corporation (the company) exchanged 1,000 shares of its common stock for 100% of the shares of Rainbow Gas Company and Missouri River Royalty and 85% of the outstanding shares of Rainbow Energy Marketing Corporation.  This transaction was accounted for under the requirements of interpretation 39 of Accounting Standards Board Opinion #16, whereby the acquisitions were treated as a transfer of shares between companies with common control in a manner similar to a pooling of interest. Accordingly, all assets and liabilities of the merged companies were recognized at historical cost and the historical financial statements of Rainbow Gas Company, Missouri River Royalty Corporation and Rainbow Energy Marketing Corporation became a component of the historical financial statements of the company.

The audited financial statement made no reference to any assumption or contribution of liabilities being part of the section 351 transaction.

In their capacities as the incorporators and directors of UEC, Mr. Russell and Mr. Kopseng executed a Consent to Action Taken in Lieu of Organizational Meeting dated September 3, 1997 (consent). With respect to the section 351 transaction, the consent stated as follows:

> The directors were authorized to issue stock pursuant to the attached Resolution in the amount of 650 shares to Loren R. Kopseng in return for his contribution of shares from Rainbow Gas Company, Missouri River Royalty Corporation, and Rainbow Energy Marketing Corporation, and has [sic] been authorized to issue 350 shares to Donald L. Russell in return for his contribution of shares from Rainbow Gas Company, Missouri River Royalty Corporation, and Rainbow Energy Marketing Corporation.

The consent made no reference to any assumption or contribution of liabilities being part of the section 351 transaction.

In their capacities as the directors and officers of UEC, Mr. Russell and Mr. Kopseng executed a resolution dated September 3, 1997. The resolution stated:

> Loren R. Kopseng has transferred 625 shares of Rainbow Gas Company stock, 2,701,149 shares of Rainbow Energy Marketing Corporation stock, and all shares of Missouri River Royalty Corporation stock to United Energy Corporation. In return for the transfer of these shares, United Energy Corporation is hereby authorized to issue 650 shares of United Energy Corporation's stock to Loren R. Kopseng.
> Donald L. Russell has transferred 375 shares of Rainbow Gas Company stock, 1,108,056 shares of Rainbow Energy Marketing Corporation stock, and all shares of Missouri River Royalty Corporation stock to United Energy Corporation. In return for the transfer of these shares, United Energy Corporation is hereby authorized to issue 350 shares of United Energy Corporation's stock to Donald L. Russell.

The resolution made no reference to any assumption or contribution of liabilities being part of the section 351 transaction.

III. <u>The Russell and the Kopseng Ledger Debts</u>

MRRC required capital to purchase and rework oil wells. MRRC acquired capital through a variety of transactions discussed in <u>Russell v. Commissioner</u>, T.C. Memo. 2008-246. The only instruments relevant to the current proceedings are the Russell ledger debt and the Kopseng ledger debt.

Before April 5, 1996, Mr. Russell made a series of cash advances to MRRC which MRRC used for working capital (the Russell ledger debt). As of April 5, 1996, the principal balance of these advances totaled $562,705. In MRRC's books the Russell ledger debt was recorded as a liability in a ledger account entitled "Notes Payable Russell" (the notes payable Russell account).

On April 5, 1996, MRRC issued a $562,705 note to Mr. Russell for the Russell ledger debt (the Russell ledger debt note). As of September 1, 1997, the principal balance of the Russell ledger debt was $65,527.

Before April 5, 1996, Mr. Kopseng made a series of cash advances to MRRC which MRRC used for working capital (the Kopseng ledger debt). As of April 5, 1996, the principal balance of these advances totaled $611,144. In MRRC's books the Kopseng

ledger debt was recorded as a liability in a ledger account entitled "Notes Payable Kopseng" (the notes payable Kopseng account).

On April 5, 1996, MRRC issued a $611,144 note to Mr. Kopseng for the Kopseng ledger debt (the Kopseng ledger debt note). As of September 1, 1997, the principal balance of the Kopseng ledger debt was $117,438.

The Russell ledger debt and the Kopseng ledger debt were demand obligations. Interest on the Russell ledger debt and the Kopseng ledger debt was calculated using monthly compounding. There was no requirement that interest accruing on the Russell ledger debt and the Kopseng ledger debt be paid at least annually.

As of September 1, 1997, the fair market value of the Russell ledger debt was equal to the Russell ledger debt's principal balance of $65,527. Likewise, the fair market value of the Kopseng ledger debt was equal to the Kopseng ledger debt's principal balance of $117,438.

Respondent concedes that the Russell ledger debt and the Kopseng ledger debt constituted indebtedness of MRRC to Mr. Russell and Mr. Kopseng for purposes of section 1366(d)(1)(B).

IV. <u>Mr. Russell's and Mr. Kopseng's Bases in Indebtedness and MRRC Stock</u>

As of the beginning of MRRC's short taxable year ending August 31, 1997, Mr. Russell's basis in his MRRC stock was $150,151, and Mr. Kopseng's basis in his MRRC stock was zero.

The MRRC 1997 Form 1120S reported an ordinary loss of $1,117,540, interest income of $250, and dividend income of $208. Consistent with the MRRC 1997 Form 1120S, the following items from MRRC's taxable year ended August 31, 1997, were reported on Mr. Russell's 1997 return and on Mr. Kopseng's 1997 return.

| Item | Amount |
|------|--------|
| Ordinary loss | $558,770 |
| Interest income | 125 |
| Dividend income | 104 |

As of the end of MRRC's taxable year ended August 31, 1997: (1) Mr. Russell's basis in the Russell ledger debt was $65,527 less the amount by which his basis in the Russell ledger debt was properly reduced under section 1367(b)(2) on account of items of MRRC for its taxable year ending August 31, 1997, and (2) Mr. Kopseng's basis in the Kopseng ledger debt was $117,438 less the amount by which his basis in the Kopseng ledger debt was properly reduced under section 1367(b)(2) on account of items of MRRC for its taxable year ending August 31, 1997.

## Discussion

At issue is whether the Russell ledger debt and the Kopseng ledger debt were contributed to UEC as part of the section 351

transaction and whether section 1.1502-13(g)(3) or (4), Income Tax Regs., applies to govern the transaction. Petitioners argue that UEC realized no gain from the Russell ledger debt and the Kopseng ledger debt by virtue of section 1.1502-13(g)(5), Example (2), Proposed Income Tax Regs., 63 Fed. Reg. 70356 (Dec. 21, 1998). Respondent argues that the transaction is instead governed by section 1.1502-13(g)(4), Income Tax Regs., which would cause UEC to recognize gain upon the contribution of the Russell ledger debt and the Kopseng ledger debt to the extent that the value of each debt exceeds its basis. See sec. 1.1502-13(g)(5), Example (4), Income Tax Regs. We agree with respondent. We need not decide whether the burden of proof shifts to respondent under section 7491(a) because we decide this case on the basis of the preponderance of the evidence.

Mr. Russell and Mr. Kopseng were entitled to deduct additional loss from MRRC after the section 351 transaction because MRRC's Russell ledger debt and Kopseng ledger debt each constituted an "indebtedness of the S corporation to the shareholder". Sec. 1366(d)(1)(B). However, their respective bases in the Russell ledger debt and the Kopseng ledger debt were each reduced by an amount equal to the additional loss allowed. Sec. 1367(b)(2)(A). As a result, UEC's bases in the indebtedness transferred to it by Mr. Russell and Mr. Kopseng under section 362(a) were less than the indebtedness' principal balance,

creating the potential for the recognition of built-in gain.[4] The outcome depends on which provision of the consolidated return regulations governs the transaction.

The consolidated return regulations provide special rules that apply to intercompany obligations. For purposes of these rules, an "intercompany obligation" is defined as "an obligation between members, but only for the period during which both parties are members." Sec. 1.1502-13(g)(2)(ii), Income Tax Regs.

In cases where a nonintercompany obligation becomes an intercompany obligation, such as through a section 351 transaction, there is a deemed satisfaction and reissuance of the obligation immediately <u>after</u> the transaction. Sec. 1.1502-13(g)(4), Income Tax Regs. If the obligation is debt, the debt is treated as satisfied and a new debt issued to the holder with a new holding period in an amount determined under the principles of section 1.108-2(f), Income Tax Regs. Sec. 1.1502-13(g)(5), <u>Example</u> (<u>4</u>), Income Tax Regs. Where, as here, the debt was not acquired by purchase less than 6 months before the acquisition date, the deemed satisfaction will result in the realization of income by the holder to the extent that the fair market value of the indebtedness on the acquisition date is greater than the

---

[4]See the discussion of sec. 1.108-2(f)(2), Income Tax Regs., <u>infra</u>.

transferred basis of the indebtedness. Sec. 1.108-2(f)(2), Income Tax Regs.

By contrast, in certain cases where an intercompany obligation remains an intercompany obligation or becomes a nonintercompany obligation through a transaction, the obligation, if it is debt, is treated as satisfied immediately before the transaction. Sec. 1.1502-13(g)(3), Income Tax Regs.

The MRRC debts became intercompany obligations when they were transferred to UEC along with MRRC stock in the section 351 transaction on September 1, 1997. See sec. 1.1502-13(g)(2)(ii), Income Tax Regs. Before this transaction, the MRRC debts were obligations between a nonmember (MRRC) and other nonmembers (Mr. Russell and Mr. Kopseng). Thus, the transaction is governed by section 1.1502-13(g)(4), Income Tax Regs. Accordingly, the Russell ledger debt and the Kopseng ledger debt were contributed by MRRC to UEC on September 1, 1997, and UEC realized gain on its deemed satisfaction after the debts became an intercompany obligation. UEC realized an amount on the deemed satisfaction of the debt equal to the debts' fair market value over its transferred basis. Sec. 1.1502-13(g)(4)(ii)(B), Income Tax Regs.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered
under Rule 155</u>.