# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2306

_____

Donald L. Russell; Evelyn Russell,   *
                                     *
          Appellants,                *
                                     *
     v.                              *
                                     *
Commissioner of Internal Revenue,    *
                                     *
          Appellee.                  *

_____

No. 09-2307

_____

United Energy Corporation,           *
                                     *   [PUBLISHED]
          Appellant,                 *
                                     *
     v.                              *
                                     *
Commissioner of Internal Revenue,    *
                                     *
          Appellee.                  *

_____

No. 09-2310

_____

Loren R. Kopseng; Dawn Kopseng,      *
                                     *
          Appellants,                *
                                     *

Appeals from the
United States Tax Court,
Internal Revenue Service.

v.              *
                       *
Commissioner of Internal Revenue,     *
                       *
        Appellee.            *
        _____

        No. 09-2576
        _____

United Energy Corporation,         *
                       *
        Appellee,          *
                       *
    v.                  *
                       *
Commissioner of Internal Revenue,     *
                       *
        Appellant.            *
            _____

        Submitted: May 13, 2010
            Filed: August 27, 2010
            _____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.
            _____

PER CURIAM.

Donald and Evelyn Russell, and Loren and Dawn Kopseng appeal the tax court's decisions that several loans did not constitute "indebtedness of the S corporation to the shareholder" such that they could claim losses incurred by the Missouri River Royalty Corporation (MMRC). United Energy Corporation (UEC) appeals the tax court's decision that it realized gain on acquisition of the Russell ledger debt and the Kopseng ledger debt in the following described transaction

effected pursuant to § 351 of the Internal Revenue Code.[1]  See Russell v. Comm'r, T.C. Memo 2009-29, 2009 WL 306416 ( 2009), supplementing T.C. Memo 2008-246, 2008 WL 4756439 (2008).  We affirm.

In 1997, Donald Russell and Loren Kopseng incorporated UEC in a qualifying § 351 transaction, contributing their MRRC stock and stock from their other corporations in exchange for UEC stock, all of which was owned by Russell and Kopseng.  For its initial taxable year ending June 30, 1998, UEC filed a consolidated return for itself, Rainbow Gas Company (RGC), Rainbow Energy Marketing Corporation (REMC), MRRC, and Energy Leasing Corporation (ELC).

MRRC had several debts, including a loan from BNC National Bank on which Russell and Kopseng were listed as co-borrowers; a loan from REMC, a corporation owned by Russell and Kopseng; and a loan from RGC, a partnership owned by Russell and Kopseng.  Additionally, Russell and Kopseng each made a series of cash advances to MRRC (hereinafter referred to as Russell ledger debt and Kopseng ledger debt).  MRRC reported a substantial loss in taxable year ending August 31, 1997, which exceeded Russell's and Kopseng's bases in the MRRC stock.  Russell and Kopseng took the position that their respective bases in all of MRRC's indebtedness permitted them to deduct additional MRRC losses.

In 2005, the Commissioner of Internal Revenue issued a notice of deficiency to the Russells and the Kopsengs for 1997 and to UEC for the tax year ending June 30, 1998.  The taxpayers appealed the Commissioner's decision to the tax court.

---

[1]The Commissioner of Internal Revenue filed a conditional cross-appeal.  In light of our affirmance of the tax court's judgment, we do not reach the merits of the cross-appeal, which we dismiss as moot.

The tax court held that, with the exception of the Russell and Kopseng ledger debts, Russell and Kopseng could not increase their bases in MRRC by the amount of MRRC's indebtedness. It did not constitute "indebtedness of the S corporation to the shareholders" under Internal Revenue Code (IRC) § 1366(d)(1)(B) because there was no actual economic outlay by the shareholders.

In a supplemental opinion, the tax court held that under Treasury Regulation § 1.1502-13(g)(4) (1996), UEC realized taxable gain as a result of the deemed satisfaction of the Russell ledger debt and the Kopseng ledger debt when the debts were contributed to UEC in the § 351 transaction. Treasury Regulation § 1.1502-13(g)(4)(ii)(B) (1996) provides that "the debt is treated for all Federal income tax purposes, immediately after it becomes an intercompany debt, as satisfied and a new debt issued to the holder." The tax court held that this deemed satisfaction required UEC to realize gain on the acquisition of the Russell and Kopseng ledger debts equal to the debts' fair market value over UEC's basis in the debts. Russell's and Kopseng's basis in the ledger debts was less than the indebtedness' principal balance because they had deducted MRRC losses, pursuant to IRC § 1367(b)(2)(A). Therefore, UEC acquired the ledger debts with a built-in gain because the fair market value of the debts exceeded the carry-over basis. The tax court rejected UEC's contention that the transaction was governed by Proposed Treasury Regulation § 1.150-13(g)(5), Example 2 (1998). Although Example 2 provides for non-recognition of built-in gain, it explicitly refers to Treasury Regulation § 1.1502-13(g)(3) (1996), which provides for debts that are already intercompany obligations when they are transferred.

-4-

Our review of the record reveals no error in the tax court's rulings.  See Oren v. Comm'r, 357 F.3d 854, 857 (8th Cir. 2004) (standard of review).  Accordingly, we affirm on the basis of the analysis set forth therein.[2]

————————————————

[2]Additionally, we reject the taxpayers' argument that the tax court's request for supplemental briefing on the application of Example 2 of the proposed regulations implicitly established that Example 2 was the law of the case.  The tax court's later order denying summary judgment expressly concluded that it was unable to decide, based on the facts presented, whether the proposed regulation applied.  Thus, Example 2 was not established as the law of the case.